UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SULTON B. WILLIAMS SR.,

Plaintiff,

v.

CAUSE NO.: 3:19-CV-120-JD-MGG

BEACON HEALTH GROUP, et al.,

Defendants.

OPINION AND ORDER

Sulton B. Williams Sr., a prisoner without a lawyer, filed an amended complaint alleging he has been denied proper medical treatment at the St. Joseph County Jail while awaiting sentencing. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Williams alleges that, shortly after he arrived at the St. Joseph County Jail, his ear began hurting. On December 10, 2018, he requested to be seen by a doctor, and he was placed on a waiting list. He was seen by Doctor T. on December 20, 2018, who examined his ear and prescribed Cortisporin Otic Suspension drops due to redness, scratching,

and irritation. Approximately ten days later, Williams felt his ear "tighten up," and he began experiencing more pain. He informed the nursing staff of his condition, and they advised him to put in a request to see the doctor and to continue using the drops Doctor T. had prescribed in the meantime.

Williams was seen by Doctor Hall on January 18, 2019, who examined him and noted "redness and swelling in the ear canal" and "fluid behind the ear drum." According to Williams, Doctor Hall prescribed antibiotics, prednisone, and a Z-Pak. He also discontinued the use of the Cortisporin Otic Suspension drops and prescribed Ciprodex Otic Suspension drops instead. Doctor Hall examined Williams during a follow-up visit on February 4, 2019, and he noted that there was "still redness and swelling in the ear canal and the ear drum in still swollen with a little fluid remaining behind the ear drum." At that point, Williams requested to see a specialist because the pain had become worse. However, Doctor Hall refused to give Williams any pain medication and advised him that he did not need to see a specialist. Doctor Hall discontinued the use of the antibiotics, prescribed a different ear drop, and scheduled Williams for another appointment on February 15, 2019. While he waited for that appointment, the pain in his ear worsened, so Williams filed a grievance against the St. Joseph County Jail medical department.

When Doctor Hall examined Williams at the follow-up appointment on February 15th, he noted redness, swelling, and tenderness. Although Williams asked to be seen by a specialist, Doctor Hall refused; instead, he prescribed Cortisporin Otic Suspension drops but agreed to reevaluate if they did not work by the time of his next appointment

2

which was scheduled for March 8, 2019. Prior to that appointment, Williams filed two grievances against the St. Joseph County Jail Medical department requesting to be seen by a specialist, but those requests were denied with a notation that "only a doctor" can order a referral to a specialist. As of the date the complaint was filed, Williams had not been seen by a specialist. He has sued Beacon Health Group, Doctor Hall, and Warden Julie Lawson for compensatory and punitive damages as well as injunctive relief.

Williams asserts claim of deliberate indifference to his serious medical needs. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted). "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a

3

judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Id*. at 752-53; *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008). Giving Williams the benefit of the inferences to which he is entitled at this stage, he has alleged a plausible claim for deliberate indifference against Doctor Hall.

Williams has also sued Beacon Health Group, as the employer of Doctor Hall. A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to private company providing medical care at correctional facility). But, a corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* The policy or custom must be the "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cty.*, 526 F. App'x 692, 695 (7th Cir. 2013). While Williams complains about the grievance process, he does not describe a policy or practice that caused the inadequate treatment for his ear. As a result, Williams cannot proceed against Beacon Health Group.

4

Finally, Williams has sued Warden Lawson. Section 1983 "[l]iability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Williams does not allege that Warden Lawson was personally involved in his medical treatment or lack thereof. Thus, the complaint does not state a claim for monetary damages against Warden Lawson.

However, Williams also requests injunctive relief—specifically, he wants the court to order the Defendants to "take [him] to a proper specialist." As the Warden of the St. Joseph County Jail, Warden Lawson has both the authority and the responsibility to ensure that Williams receives the medical treatment to which he is entitled under the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). That said, because the Prison Litigation Reform Act restricts the court's authority to grant injunctive relief in the corrections context, the injunctive relief, if granted, will be limited to requiring correctional officials to provide medical treatment for his ear as required by the Constitution. *See Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012).

For these reasons, the court:

(1) GRANTS Sulton B. Williams, Sr., leave to proceed on an Eighth Amendment claim for money damages against Doctor Hall for acting with deliberate indifference to his serious medical needs in relation to his ear;

5

(2) GRANTS Sulton B. Williams, Sr., leave to proceed on an injunctive relief claim against Warden Julie Lawson in her official capacity to obtain treatment for his ear as required by the Eighth Amendment;

(3) DISMISSES Beacon Health Group;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Doctor Hall and Warden Julie Lawson, at the St. Joseph County Jail with a copy of this order and the amended complaint (ECF 4) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Doctor Hall and Warden Julie Lawson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Sulton B. Williams, Sr., has been granted leave to proceed in this screening order.

SO ORDERED on August 5, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT